### No. 1188.

#### SUSAN WEBB, WIFE, ETC. VS. AMELIA E. KELLER.

#### J. U. PAYNE, INTERVENOR.

No appeal lies from a judgment by default rendered and signed prior to Act 24 of 1876, amending and re-enacting Art. 575, C. P., where more than one year has elapsed since the passage of that law.

Prescription of the right of appeal runs from the passage of said statute.

APPEAL from the Thirteenth District Court, Parish of St. Landry. *Hudspeth, J.*

*H. L. Garland* for Appellee.

*K. Baillio* for Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The intervenor and appellee moves to dismiss the appeal, taken by the defendant from the judgment in his favor, on the ground, among others, that it was asked and obtained more than *one* year after the judgment had been rendered and signed.

The record discloses the fact that the appellant was cited personally, on the 7th day of January, 1874, to answer intervenor's demand; that judgment by default was rendered against her, and made final by signature on the 9th of February following; that on the same day, as appears from the minutes of the court, feeling aggrieved by said judgment, the plaintiff took an appeal from the same, and that on the 16th of June following the judgment was affirmed, and has since become final. 26 An. 596.   Nevertheless, the defendant, Mrs. Galligar, on the 8th of June, 1883, applied by petition for an appeal from the same judgment, and was allowed the same, returnable to this Court at this place at the present term.

Under the legislation, such as it existed previous to 1876, a cast litigant was considered as entitled to appeal, in an appealable case, within the delay prescribed by law, the initial point for computation of time being either the date of the signature of the judgment, or that of the notification of the judgment, according as the party had or not joined issue.

In a case arisen prior to, but determined since, 1876, 33 An. 609, Sentmanat vs. Soulé, the Court went to the length of holding that, notwithstanding the legislation of that year, a third party was entitled to an appeal, in 1877, from a judgment rendered in 1872, against the defendant, because taken within the year following the passage of the Act.

That statute (No. 24, p. 49, 1876) which amends and re-enacts Art. 575 of the C. P., provides that "whenever a judgment *has been* rendered in a suit in which defendant has had personal service to appear and file his answer, * * * the party cast in the suit shall be considered duly notified of the judgment, by the fact of its being signed by the Judge."

This is a remedial or curative law.

It was well said in the case cited, "of course, that statute cannot have a retroactive effect and deprive appellants of an appeal taken within twelve months after its passage. By the previous law the appellants had twelve months from service of notice of judgment, within which to appeal. No part of this delay had run when the Act 24 of 1876 was passed, dispensing with notice of judgment in cases where citation is personally served. Prescription of appellants' right of appeal began to run, then, only from the date of the Act 24 of 1876, and was not complete when the appeal was taken, February 28th, 1877."

In the present instance, the right, if any, of the defendant, to appeal from the judgment rendered and signed on the 9th of February, 1874, therefore clearly determined in March, 1877. Hence, the appeal taken by her within the tenth year after the signature of the judgment, and in the sixth year after the passage of the Act, was sought and obtained too late.

It is, therefore, ordered and decreed that the appeal be dismissed with costs.

Fenner, J., recused on the ground of affinity.